IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TOMASINA A. TORRES DE PEREZ | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| KILOLO KIJAKAZI,[1] Acting | : | |
| Commissioner of Social Security | : | NO.  21-631 |

**MEMORANDUM AND ORDER**

ELIZABETH T. HEY, U.S.M.J.                                October 28, 2021

Tomasina A. Torres de Perez ("Plaintiff") seeks review of the Commissioner's decision denying her claim for disabled widow's benefits (DWB).  For the following reasons, I will grant the Defendant's uncontested motion for remand and remand this matter for further proceedings.

I.      **PROCEDURAL HISTORY**

Plaintiff was born on January 18, 1964, and protectively filed for DWB on August 6, 2018, alleging disability as of June 1, 2015, due to shaking hands, nerve damage to her hands, depression and anxiety.  Tr. at 58, 206-07, 236.[2]  After her claims were denied

---

[1]Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Ms. Kijakazi should be substituted for the former Commissioner of Social Security, Andrew Saul, as the defendant in this action.  No further action need be taken to continue this suit pursuant to section 205(g) of the Social Security Act.  42 U.S.C. § 405(g).

[2]To be entitled to DWB, Plaintiff must establish certain eligibility requirements regarding age, duration of the relationship, and the duration of time between the death of the spouse and the onset of disability.  See 20 C.F.R. §§ 404.330, 404.335.  Specifically relevant for this case, based on Plaintiff's age, she must establish that her disability began on or before June 30, 2022, seven years after her husband died.  Tr. at 15-16, 17; see also 20 C.F.R. § 404.335(c).

initially, id. at 66-70, she requested a hearing before an administrative law judge ("ALJ"),

id. at 79, which occurred on March 6, 2020.  Id. at 44-57.[3]  On May 20, 2020, the ALJ

denied Plaintiff's claims.  Id. at 15-23.  On December 16, 2020, the Appeals Council

denied Plaintiff's request for review, id. at 1-3, making the ALJ's May 20, 2020 decision

the final decision of the Commissioner.  20 C.F.R. § 404.981.

Plaintiff initiated this action by filing her complaint on February 10, 2021.  Doc. 1.

In response to Plaintiff's brief in support of her request for review, see Doc. 12,

Defendant filed an uncontested motion for remand to allow further evaluation of

Plaintiff's claims, including the opportunity for another medical consultative

examination, the opportunity for a hearing, and to "take any action necessary to complete

the administrative record, and issue a new decision."  Doc. 18 ¶ 2.[4]

## II.   **DISCUSSION**

In her Brief and Statement of Issues, Plaintiff challenges the ALJ's consideration

of the medical and mental health treatment and opinion evidence in the record, and

complains that the ALJ failed to develop the medical evidence of record.  Doc. 12 at 2-

---

The Administration employs the same disability evaluation, the five-step
sequential evaluation, for DWB (based on disability after December 1990) as it does for
disability insurance benefits and supplemental security income.  20 C.F.R.
§ 404.1520(a)(2).

[3]The ALJ originally convened the case on July 26, 2019, but continued the matter
so that Plaintiff could have counsel present.  Tr. at 35-42.

[4]The parties consented to magistrate judge jurisdiction pursuant to 28 U.S.C.
§ 636(c).  See Standing Order, In RE:  Direct Assignment of Social Security Appeal
Cases to Magistrate Judges (Pilot Program) (E.D. Pa. Sept. 4, 2018); Doc. 4.

11.[5]  Because remand is uncontested, I will comment only briefly on Plaintiff's arguments.

Review of the record reveals that Plaintiff suffers from high cholesterol, hypertension, prediabetes, depression with anxiety, insomnia, hand numbness at night, and chronic cervical and thoracic back pain after a fall in 2018 for which Plaintiff was treated with gabapentin and participated in physical therapy.  Tr. at 308, 439-40, 454, 472, 480.  On February 19, 2020, in connection with completing a medical source statement, Samantha Baker-Evans, C.R.N.P., noted that Plaintiff has been diagnosed with hypertension, obesity, depression NOS, seasonal allergies, carpal tunnel syndrome, high cholesterol, neck pain, and chronic thoracic back pain.  Id. at 409.  Ms. Baker-Evans, opined that Plaintiff can sit and stand/walk for two hours each in a workday, and can occasionally lift/carry up to twenty pounds.  Id. at 407.

In addition, Plaintiff has been treated for anxiety with auditory and visual hallucinations, anxiety, depression, and dysthymic disorder.  Tr. at 332, 488.  Plaintiff's treating psychiatrist, Hector Colon Rivera, M.D., completed a Mental Work Capacity Evaluation on November 12, 2019, noting that Plaintiff had marked limitations in her abilities related to understanding and memory, and moderate and marked limitations in

---

[5]Plaintiff also challenges the propriety of the appointment of the Commissioner. Doc. 12 at 11-13 (citing Seila Law LLC v. Consumer Fin. Prot. Bureau, 140 S. Ct. 2183 (2020)).  Because I will grant the Commissioner's uncontested remand motion, I do not find it necessary to address this claim at this time.

her abilities related to sustained concentration, persistence, social interaction, and adaptation.  Id. at 403-05.

The ALJ found that Plaintiff does not suffer from a severe impairment or combination of impairments, finding that both Dr. Rivera's assessment and Ms. Baker-Evans' physical assessment were not persuasive.  Tr. at 18, 21.  These conclusions bear reconsideration in light of the record.  With respect to Plaintiff's mental impairments, the ALJ should reconsider Plaintiff's mental health treatment notes including her weekly therapy notes and the medications she was prescribed to address her mental symptoms in determining whether her mental impairments are severe and at the later stages of the sequential evaluation if appropriate.  With respect to Plaintiff's physical impairments, at the administrative hearing, the ALJ directed that Plaintiff undergo a physical consultative examination and x-rays.  Id. at 54-55.  According to correspondence in the record, Plaintiff's subsequent appointment for the consultative examination was cancelled due to Covid-19.  Id. at 302.[6]  However, the ALJ issued an unfavorable decision without the consultative examination or x-rays, which Plaintiff contends amounts to a failure to develop the record.

At this point, the Commissioner has asked that the court remand the case for a medical consultative examination, a new hearing, and to complete the administrative record.  Doc. 18 ¶ 2.  These concessions address Plaintiff's concerns expressed in her brief.  I will, therefore, grant the motion for remand.

_____

[6]The administrative hearing took place on March 6, 2020.  Tr. at 44.

III.  **<u>CONCLUSION</u>**

For the foregoing reasons, I will grant the Defendant's motion for remand.

An appropriate Order and Judgment Order follow.